Filed 8/17/15  P. v. Ocampo CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SILVIA OCAMPO,<br><br>    Defendant and Appellant. | D067703<br><br><br><br>(Super. Ct. No. SCD221149) |

APPEAL from an order of the Superior Court of San Diego County, Kathleen M. Lewis, Judge.  Affirmed.

Donna L. Harris, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Respondent.

In August 2009, Silvia Ocampo entered a guilty plea to perjury (Pen. Code, § 118, subd. (a)) committed in connection with false documents used to conceal her actual citizenship in her application for a driver's license.  In return for her change of plea the remaining counts were dismissed and she was placed on summary probation.  In the

change of plea form Ocampo was advised she was subject to deportation or removal if she was not a United States citizen.

In December 2014, Ocampo filed a motion to vacate and set aside default judgment in which she sought to have her conviction set aside in light of adverse immigration consequences occurring since her 2009 conviction. The trial court denied the motion finding Ocampo was fully informed of the possible immigration consequences of her plea and that she had unreasonably delayed in seeking relief, waiting more than two years after the 2011 immigration actions were initiated.

Ocampo filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating she has not been able to identify any reasonably arguable issues for reversal on appeal. Counsel requests this court to review the record for error as mandated by *Wende*. We offered Ocampo the opportunity to file her own brief. She has done so and we will discuss it below.

## DISCUSSION

As we have discussed, appellate counsel has indicated she has not been able to identify any reasonably arguable issues for reversal on appeal. Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible, but not arguable issue to assist the court in our review of the record:

Whether the trial court abused its discretion in denying the motion to vacate the conviction based on the claim of failure of counsel to adequately advise Ocampo of the immigration consequences of her plea.

In her supplemental brief, Ocampo cites *Padilla v. Kentucky* (2010) 559 U.S. 356, for the proposition that defense counsel may provide ineffective assistance when failing to accurately advise a noncitizen of the immigration consequences of his or her guilty plea. The difficulty with the supplemental brief is that the only evidence in the record regarding the advice Ocampo received from defense counsel is in the change of plea form, where she initialed and signed the form, which reflected the potential immigration consequences of her plea and that she had been advised by counsel. Her motion to "vacate the judgment" in the trial court contains some self-serving statements, but there were no declarations from her or her counsel. There was no hearing on the fact of or the nature of the advice she received.

Statements in a supplemental brief or motion are not evidence. Under *Strickland v. Washington* (1984) 466 U.S. 668, the burden is on the defendant to show both error by counsel and prejudice. In the case before us there is simply no evidence in the record that counsel was ineffective. The only evidence presented was Ocampo's change of plea form, where she acknowledged she was facing deportation or other immigration consequences. On this record, the supplemental brief does not raise any reasonably arguable issues for reversal on appeal.

We have reviewed the entire record as mandated by *Wende, supra*, 25 Cal.3d 436, and *Anders, supra*, 386 U.S. 738, and have not identified any reasonably arguable issues for reversal on appeal. Competent counsel has represented Ocampo on this appeal.

3

DISPOSITION

The order denying the motion to vacate the 2009 conviction is affirmed.


                                                                HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


AARON, J.